I respectfully dissent from the opinion of the majority on the disposition of the first and second assignments of errors. Regarding the first assignment of error, I believe that appellant waived his right to attack the trial court's adoption of the magistrate's decision.
First, although other objections were raised, appellant failed to object at the trial level on the grounds that the child support worksheet was improperly executed or inaccurate. Civ.R. 53(E)(3)(b) states, in pertinent part, "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Indeed, other parties in cases before this court have made such an objection in the past regarding the lack of a worksheet, thereby preserving the issue for appellate review. See,e.g., Sellers v. Sellers (July 17, 1998), Lake App. No. 97-L-167, unreported, at 5, 1998 Ohio App. LEXIS 3306.
I do not perceive this alleged error to be a jurisdictional one which would render the trial court's judgment void. Moreover, if the judgment is not void, the claimed error can be waived. In the instant matter, there was, indeed, a worksheet filled out by appellee and relied upon by the magistrate and presumably, the trial court. The problem was that it was improperly executed as opposed to being nonexistent, as was the case in Marker. I perceive a distinct difference between an improperly executed worksheet and no worksheet. Again, no objection was raised at the trial level regarding the improper execution of the worksheet or its contents.
Regarding the second assignment of error, I respectfully disagree with the analysis and conclusion of the majority in reference to the amount of income imputed to appellant. R.C.3103.03(A) places a duty on each parent to provide evidence of his or her income and his or her ability to produce or not produce income for the support of the children.[1] There the legislature stated that: "* * * The biological or adoptive parent of a minor child must support his or her minor children out of his or her property or his or her labor."
The ultimate goal of this statutory provision and R.C.3113.215 is to ensure that the best interests of children are met through the financial support of both parents. For example, in R.C. 3113.215(B)(5)(a), the legislature made plain its intent that each parent must independently support his or her claimed ability to pay or not pay child support:
 "(5.) When a court computes the amount of child support required to be paid * * *, all of the following apply:
 "(a.) The parents shall verify current and past income and personal earnings with suitable documents, including, but not limited to, paystubs, employer statements, * * * tax returns, and all supporting documentation and schedules for the tax returns." (Emphasis added.)
R.C. 3113.215(B)(7)(a) also provides a similar example of the intent of the legislature in this chapter:
 "In any action in which a child support order is issued * * * under Chapter 3115 * * * in which the court determines the amount of child support that will be ordered to be paid pursuant to a child support order * * *, the court shall issue a minimum support order requiring the obligor to pay a minimum amount of fifty dollars a month for child support * * *. The appropriate circumstances for which a court may issue a minimum support order * * * include, but are not limited to, the nonresidential parent's medically verified or documented physical or mental disability or institutionalization * * *." (Emphasis added.)
I believe the clear implication is that these directives are aimed at the parent claiming an inability to pay. These provisions are also consistent with the directive of the Supreme Court of Ohio in Rock v. Cabral (1993), 67 Ohio St.3d 108. The Supreme Court held:
 "Whether a parent is 'voluntarily underemployed' within the meaning of R.C. 3113.215(A)(5), and the amount of 'potential income' to be imputed to a child support obligor, are matters to be determined by the trial court based upon the facts and circumstances of each case. The determination will not be disturbed on appeal absent an abuse of discretion." (Emphasis added.) Id. at syllabus.
Thus, the statutory directive would seem to be that each parent has an independent burden of proof as to that parent's claim of ability or inability to produce income.
Essentially, appellant's claim at trial was that he could not comply with his statutory duty of support beyond the income received from his disability pension. His objection to the magistrate's report was not based on the lack of evidence on prevailing wages and job opportunities in his area. Thus, as with the first assignment of error, appellant has waived his right to take issue with these statutory factors on appeal.
Further, as previously argued, appellant had an obligation to provide the court with supporting evidence. He failed to do so, either in regards to his disability or his present claim regarding prevailing wages and job availability.
While there is nothing preventing each side from offering evidence regarding the other party's ability to pay, it is each party's duty to provide the court with adequate evidence and documentation concerning his or her own statutory duty of support.
Given that the majority agreed that the appellant was voluntarily unemployed, I am puzzled as to why it now allows appellant a second opportunity to present evidence on the issue of the amount of income imputed, when the lack of evidence thereof was the responsibility of the appellant. After all, the amount of imputed income was the minimum wage. It would not seem that there was much to debate. I would affirm the judgment of the trial court in all respects.
 ----------------------------------- PRESIDING JUDGE JUDITH A. CHRISTLEY
[1] See, also, R.C. 3103.031.